WELLS FARGO & CO. EXPRESS v. POW-
ELL. (No. 5483.)†

(Court of Civil Appeals of Texas. San Antonio.
May 26, 1915. Rehearing Denied
June 23, 1915.)

1. CARRIERS ☞165—LOSS OF SHIPMENT—DE-
CLARED VALUATION—CHARGES—SUFFICIENCY
OF EVIDENCE.
Evidence in an action against an express
company for the value of a trunk and contents
lost in transit held to sustain findings that plain-
tiff's wife, on tendering the shipment to defend-
ant, declared its value to be $300, and that de-
fendant charged a rate proportionate thereto.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 729, 730; Dec. Dig. ☞165.]

2. APPEAL AND ERROR ☞1056 — HARMLESS
ERROR—EXCLUSION OF EVIDENCE.
In an action against an express company
for the loss of a shipment in transit, the exclu-
sion of a copy of a letter from plaintiff to his
attorneys, wherein he made a statement in con-
flict with his wife's testimony as to the charges
paid on the shipment, was harmless, where the
court, though rendering judgment for plaintiff,
found contrary to such testimony.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4187–4193, 4207; Dec.
Dig. ☞1056.]

Appeal from Hardin County Court; W.
W. Dies, Judge.

Action by Joe Powell against the Wells
Fargo & Co. Express. From judgment for
plaintiff, defendant appeals. Affirmed.

Hightower, Orgain & Butler, of Beaumont,
and Baker, Botts, Parker & Garwood, of
Houston, for appellant. Singleton & Nall, of
Kountze, for appellee.

MOURSUND, J. We adopt the following
statement of the case made by appellant:

This suit was filed by the plaintiff in the
county court of Hardin county on March 31,
1914, to recover of the defendant the sum of
$252.25, the alleged value of a trunk and its
contents shipped by the plaintiff from Zwolle,
in the state of Louisiana, to Silsbee, in Har-

---

din county, Tex., on October 20, 1913. It was alleged that the defendant was a common carrier for hire, and that on said date it agreed to transport safely said trunk and contents from Zwolle, La., to Silsbee, Tex., but that defendant failed to transport said trunk and deliver it to plaintiff's wife, the consignee, but that the trunk was lost in transit, to plaintiff's damage in the amount stated above. The suit was therefore founded on a contract for the interstate shipment of goods.

Defendant, in its answer, admitted that it received said trunk from plaintiff's wife, and issued to her a receipt for same, on its regular interstate form, and admitted that the trunk was never delivered to plaintiff's wife, but that it was lost in transit between the two points, and that defendant had never been able to find same, after diligent effort.

Defendant also pleaded that the rate upon the shipment alleged in plaintiff's petition was an interstate rate, and was based upon the value of the property tendered to it for shipment under the authority of the act of the Congress of the United States of June 29, 1906, and that its rates made in compliance with and under the terms of said statute were fixed, controlled, and regulated by the Interstate Commerce Commission, and that its schedule rate collected from this plaintiff on the shipment declared on was based on the value of such shipment under the authority of the tariffs filed with said Interstate Commerce Commission, as aforesaid, and that the rate on the shipment in question, no value being declared, was the sum of $1.75 per 100 pounds.

Defendant alleged in its answer that the receipt issued to plaintiff's wife constituted the sole and entire contract between defendant and plaintiff's wife in reference to the transportation of said trunk, and set up in defense the terms of said receipt, in which it was expressly stipulated that, since the charge for transporting said property was based upon a valuation of not exceeding $50 for any shipment of 100 pounds or less, and not exceeding 50 cents per pound for any shipment in excess of 100 pounds, unless a greater value was declared at the time of the shipment, that it was agreed that the liability of the defendant company should not exceed, in any event, the sum of $50 for any shipment of 100 pounds or less, or more than 50 cents per pound on any shipment in excess of 100 pounds, unless a greater value was declared at the time of the shipment, and unless additional charges for such value were paid, or agreed to be paid therefor.

Defendant further alleged that no value was declared by plaintiff's wife at the time the shipment was tendered to the defendant, although defendant's agent asked her what the value of the shipment was she desired placed upon said shipment, and that by failure to declare the value thereof plaintiff, through his wife, had agreed that the defendant should not be liable, in the event of the loss of the shipment, for more than the sum of $50.

By supplemental petition, plaintiff denied that the receipt issued by the defendant to his wife constituted the entire contract between them in reference to the shipment, and alleged that his wife tendered the trunk the value of which was sued for, together with a crate of chickens and a sewing machine, to the defendant's agent at Zwolle, La., for shipment to Silsbee, and that defendant's agent told her that defendant would transport the whole of said shipment from Zwolle, La., to Silsbee, Tex., for the sum of $8.36, which sum she paid him, and that after that defendant's agent made out "some kind of receipt" and handed same to the said Carrie Powell; that the contract was made, completed, and the money paid before anything was said about a receipt, and that said agent made out and delivered to the said Carrie Powell such receipt as suited him, without in any way consulting her as to what should go in same, and that the said Carrie Powell received said receipt without examination as to any terms or conditions contained therein, and that neither the plaintiff nor his wife knew anything about the rates, rules, or regulations of the express company, or of the Interstate Commerce Commission, but that the shipment was tendered to defendant, and the value thereof fully declared, and the amount demanded by defendant for transporting said shipment was paid in cash before any receipt was executed by defendant, and without reference to any copy of written contract. Plaintiff further alleged that the receipt which was given to his wife was surrendered to defendant's agent at Silsbee, and had never been returned by defendant to plaintiff or his wife.

In reply to plaintiff's supplemental petition, defendant pleaded that the receipt was the sole and entire contract between the parties, and denied that plaintiff's wife declared the value of the shipment to defendant's agent at the time same was delivered for shipment, and also denied that the express charges paid amounted to the sum of $8.36, and alleged that said charges only amounted to $6.32, as shown by the receipt.

Judgment was rendered in favor of plaintiff for $135. Findings of fact and conclusions of law were filed.

[1] The court found that at the time the shipment was tendered to defendant the value thereof was declared by her to defendant to be the sum of $300. By the first assignment of error it is contended that such finding of fact is contrary to the vast preponderance of the evidence. It is true that this finding is supported only by the testimony of plaintiff's wife, whose testimony, however, is positive. On the other hand, we find that the agent who received the shipment has no recollection of the transaction, and his testimony is based upon the portion of the way-

bill which remained in his office. He issued a receipt to Mrs. Powell, which was delivered by her, or some one for her, to appellant's agent at Silsbee, but became lost in appellant's office at that place. Said agent testified to that effect, and that he had made diligent search for the same. No copy of this receipt was retained by appellant's agent at Zwolle when he issued it, but he undertook, although having no personal recollection of the transaction, to make a' copy of the receipt, which copy he attached to his depositions. The copy so made by him has no probative value, as it merely expresses his opinion of how he made out the receipt, which opinion is based upon the original document in his office designated by him as "the other end of the waybill." From this "other end of the waybill" in his office he undertook to make a copy of the waybill delivered to the messenger, and attached such copy to his deposition. He also attached "the other end of the waybill" itself, and that is the only original instrument introduced in evidence. It shows that something was written under the word "value," but, there being a partial erasure, we are unable to decipher the words. No explanation is made of the partial erasure. The copy of waybill delivered to messenger, as made by said agent, shows nothing written under the word "value," but shows that something had been written there in red ink and erased. This erasure is not explained. Said agent testified that when he receives a shipment he first sees whether it is marked properly; then issues a receipt, asking the consignor to declare the value of the shipment; then he makes out the waybill covering the shipment, pasting one portion to the shipment, retaining one portion for office files, and using the other as the waybill with the shipment. If it was his custom, as he admits it was, to have the shipper declare the value, such fact strongly corroborates Mrs. Powell's testimony, for he failed to give any reason for departing from his custom in this particular instance. As the receipt was issued first and delivered at once, the fact that one of the three portions of the waybill does not contain the value does not prove that the value was not declared, nor, for that matter, that it was not shown upon the receipt. The agent at Silsbee who lost the receipt testified that it was his recollection that the receipt did not show that any value was declared by the shipper. The copy of the receipt contains the following provision:

"The charge for forwarding the said property being based upon a valuation not exceeding fifty ($50) dollars for any shipment of one hundred (100) pounds or less, and not exceeding fifty (50c.) cents per pound for any shipment in excess of one hundred (100) pounds unless a greater value is declared at time of shipment, it is hereby agreed that the company shall not be liable in any event for more than fifty ($50) dollars upon any shipment of one hundred (100) pounds or less, or for more than fifty (50c.) cents per pound on any shipment in excess of one hundred (100) pounds, unless a greater value is declared at time of shipment, and additional charge for value paid, or agreed to be paid therefor."

The entire shipment weighed 350 pounds. The sewing machine weighed 120 pounds. The trunk was weighed with the coop of chickens, and there is no testimony to show what its weight was. According to the provision above set out, had the entire shipment been lost, appellant's liability would be limited to $175, unless a greater value than 50 cents per pound was declared by the shipper and an additional charge paid for such additional value. The rate marked on the original portion of waybill and the copy of the portion delivered to the messenger is $1.-75. The charges, if figured according to said rate, would be $6.12, but it is admitted that Mrs. Powell paid $6.32. The portion of the official classification on file with the Interstate Commerce Commission, introduced in evidence, provides that when the value declared by the shipper exceeds 50 cents per pound on a shipment weighing more than 100 pounds, a charge for the excess value must be made of 10 cents for each $100 excess value or fraction thereof, when the merchandise rate is $3 or less per 100 pounds. In this instance the excess value, if Mrs. Powell declared the value to be $300, as she testified she did, would be $125. Such excess value would justify an increased charge of 20 cents, which, added to the $6.12, makes $6.32, the exact amount paid by Mrs. Powell. The weight of the entire shipment was 350 pounds. Defendant admitted that plaintiff paid $6.32 for the transportation thereof. If the value was not declared, the correct charge should have been $6.12. It the value was declared to be $300, the correct charge would have been $6.32.

Appellant calls attention to the fact that Mrs. Powell is an interested witness, but so are the two witnesses for appellant. We conclude that the testimony supports the finding attacked, and that appellant's first assignment of error should be overruled.

The second finding of fact, which is to the effect that appellant accepted the shipment and charged plaintiff $6.32 freight on same, which was then and there paid, is also attacked. The proposition under the assignment relates to another question, namely, whether the value of the shipment was declared, and for statement we are referred to the one made under the first assignment of error. In view of the fact that appellant pleaded that it accepted the shipment and collected $6.32 as the charges for transporting the same, and of the further fact that the evidence introduced by it shows that the charges amounted to $6.32, we are unable to see why said finding of fact should be attacked by appellant. The assignment is overruled.

The third assignment constitutes an attack upon the judgment, the contention being that the findings of fact are unsupported by

the evidence, and therefore the conclusion of law based thereon is erroneous. Having held the findings of fact to be supported by the evidence, it follows that this assignment of error must be overruled.

[2] By the fourth assignment complaint is made because the court excluded a copy of a letter from appellee to his attorneys, which copy was attached to a letter written by his attorneys to appellant's attorneys. The copy was offered for the purpose of showing that appellee stated that the express charges paid on the shipment amounted to $6.32, which statement was in conflict with the testimony of appellee's wife to the effect that she paid $8.36. As the court expressly found that $6.-32 was the amount paid, and discarded Mrs. Powell's testimony on that point, appellant has suffered no injury by excluding the copy of letter. The theory that, if the court had admitted this copy, it would have affected his view of the credibility of Mrs. Powell's testimony on other matters, is without merit. He found her testimony to be incorrect in regard to the amount paid, but believed what she said in regard to declaring the value, there being facts and circumstances which corroborated her testimony on that point.

By the fifth assignment it is again contended that the court should have found that no value was declared, and have rendered judgment for plaintiff for not more than $50. This matter has been fully discussed in disposing of the other assignments. The assignment is overruled.

The judgment is affirmed.